UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, et al,

    Plaintiffs,

vs.

Lipe Brothers Construction, Inc.,

    Defendant.

_____

Case No.: 17-CV-1168 (PAM/LIB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>**

This matter came on for hearing before the undersigned on August 22, 2018, on Plaintiffs' Motion for Entry of Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **<u>FINDINGS OF FACT</u>**

1. Plaintiffs filed the Complaint in this matter on April 14, 2017. The Complaint was personally served upon the Defendant Lipe Brothers Construction, Inc. ("Lipe Brothers") on April 25, 2017.

2. Lipe Brothers failed to file and serve a response or Answer to the Complaint.

3. The Clerk entered default on May 22, 2017.

4. The Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and

1

North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

5. The Funds are a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

6. The Funds are administered in accordance with the provisions of the ERISA and are exempt from federal income taxation pursuant to the Internal Revenue Code.

7. Lipe Brothers accepted and agreed to be bound to the terms of two collective bargaining agreements, the first between the Twin Ports Contractors Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its Local Unions covering the period of May 1, 2014 through April 30, 2017 ("Twin Ports Agreement"), and the second between the Highway, Railroad and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its Local Unions, covering the period of May 5, 2014 through April 30, 2017 ("Highway Heavy Agreement") (collectively referred to as CBAs).

8. The CBAs require Lipe Brothers to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

9. The CBAs require Lipe Brothers to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

10. The CBAs state that Lipe Brothers shall be considered delinquent for a

particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

11. Finally, the CBAs require Lipe Brothers to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

12. The Funds' authorized agent requested that Lipe Brothers produce a complete set of its payroll and employment records as specified in the CBAs for the period of January 1, 2016 through June 1, 2017 ("Audit Period").

13. Lipe Brothers breached the terms of the CBAs by failing and refusing to produce the requested payroll and employment records for the Audit Period.

14. Following this Court's Order on the Trustees' Motion for Default Judgment and Injunction and a subsequent Order on the Trustees' Show Cause Motion, Lipe Brothers produced a complete set of its payroll and employment records as specified in the CBAs for the Audit Period.

15. After a review of the payroll and employment records produced by Lipe Brothers, the Funds' auditor determined that there were hours worked covered by the CBAs by Lipe Brothers' employees for which no contributions were made. Specifically, the Funds' auditor determined that $8,832.26 is due and owing for unpaid contributions for the Audit Period.

16. The CBAs provide that if a payment for contributions is not submitted to the

Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

17. Liquidated damages in the amount of $883.23 are due and owing for the Audit Period.

18. Further, pursuant to the Funds' collection policy interest on the unpaid contributions in the amount of $1,176.61 is due and owing for the Audit Period. Accordingly, double interest on the unpaid contributions for the Audit Period $2,353.22 is greater than the award of liquidated damages and unpaid interest.

19. The CBA further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds

20. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $7,582.77. These attorneys' fees and costs are reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## **CONCLUSIONS OF LAW**

1. Lipe Brothers is in default and the Funds are entitled to entry of judgment.

2. Lipe Brothers is liable to the Funds in the amount of $11,185.48 for unpaid contributions and double interest for the Audit Period.

3. Lipe Brothers is liable to the Funds in the amount of $7,582.77 for attorneys' fees and costs for the Delinquency Period.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment (Docket No. 40) is GRANTED.

2. That judgment in the amount of $18,768.25 be entered against Lipe Brothers Construction, Inc. and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: __August 22, 2018__            *s/Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge